[No. B188407. Second Dist., Div. Seven. July 23, 2007.]

FRIEDA MARLIN et al., Plaintiffs and Appellants, v.
AIMCO VENEZIA, LLC, et al., Defendants and Respondents.

## COUNSEL

John B. Murdock for Plaintiffs and Appellants.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Manuel M. Mederios, State Solicitor General, Thomas J. Greene, Chief Assistant Attorney General, Louis Verdugo, Jr., Assistant Attorney General, Angela Sierra and Antonette B. Cordero, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiffs and Appellants.

Nemecek & Cole, Jonathan B. Cole, Greg Ozhekim and Mark Schaeffer for Defendants and Respondents.

## OPINION

**JOHNSON, Acting P. J.**—Two tenants of the Lincoln Place Garden Apartments brought this action against their landlords for a declaration of the parties' rights under the Ellis Act.[1] The trial court dismissed the action after

---

[1] The Ellis Act, Government Code section 7060 et sequitur, allows landlords who comply with its terms to go out of the rental business by evicting their tenants and withdrawing all units from the market even if doing so would otherwise violate a local rent control ordinance. See *City of Santa Monica v. Yarmark* (1988) 203 Cal.App.3d 153, 165 [249 Cal.Rptr. 732]; 6 California Real Estate Law and Practice (2006) section 171.42, pages 171-76 to 171-91.

granting defendants' motion to strike the tenants' complaint as a SLAPP (strategic lawsuit against public participation.)

We address the following issues: (1) Did the landlords' instigating eviction proceedings against the tenants after the judgment in this action moot the tenants' appeal or their underlying action for a declaration of rights? (2) Did the landlords establish the tenants' declaratory rights cause of action "arose from" actions by the landlords in furtherance of their constitutional rights of petition or free speech? (3) Did the tenants' prayer for injunctive relief to prevent "defendants from evicting plaintiffs from their residence" subject this action to a motion to strike under the SLAPP statute? We answer each of these questions in the negative and therefore reverse the judgment.

## FACTS AND PROCEEDINGS BELOW

Frieda and Leslie Marlin are among the last remaining tenants of the Lincoln Place Garden Apartments in the City of Los Angeles.[2] Defendants are the owners and managers of Lincoln Place.

In March 2005, pursuant to the Ellis Act and a city ordinance,[3] defendants gave notice to the City of Los Angeles they intended to permanently remove 27 Lincoln Place units from the rental market including the unit occupied by the Marlins. At the same time defendants served the Marlins with a notice their unit was being withdrawn from the rental market and that they must vacate their apartment by March 20, 2006.

A few months after receiving the notice to vacate the Marlins filed a complaint against defendants seeking a declaration of their rights under the Ellis Act. The complaint alleged in relevant part: "A present and actual controversy has arisen and now exists between the plaintiffs and defendants concerning their respective rights and duties in that plaintiffs contend that defendants are not entitled to invoke or rely upon the Ellis Act to evict plaintiffs from their home . . . . Defendants dispute these contentions and contend that they are entitled to invoke and rely upon the Ellis Act to evict plaintiffs from their home . . . ." The prayer of the complaint asked the court,

---

[2] For more on the saga of Lincoln Place see *Los Angeles Lincoln Place Investors, Ltd. v. City of Los Angeles* (1997) 54 Cal.App.4th 53 [62 Cal.Rptr.2d 600] and *Lincoln Place Tenants Assn. v. City of Los Angeles* (2005) 130 Cal.App.4th 1491 [31 Cal.Rptr.3d 353].

[3] Government Code section 7060.4, subdivision (a); Los Angeles Municipal Code section 151.09, subdivision C.4.

among other things, to "declare the respective rights, duties, and responsibilities of plaintiffs and defendants under the Ellis Act" and to "enjoin defendants and each of them from evicting plaintiffs from their residence . . . ."

Defendants responded to plaintiffs' complaint with a SLAPP motion.[4] They contended plaintiffs' complaint arose from defendants' acts of filing and serving the Ellis Act notices described above as well as from other litigation involving defendants' right to evict the Lincoln Place tenants and remove the property from the rental market and there is no probability plaintiffs will prevail in their action. For these reasons, defendants argued, plaintiffs' complaint should be stricken under the SLAPP statute which provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."[5]

The trial court granted the motion and dismissed the action. Plaintiffs filed a timely appeal. Our review is de novo.[6]

## DISCUSSION

### I. DEFENDANTS' INSTIGATING EVICTION PROCEEDINGS AGAINST THE MARLINS AFTER THE JUDGMENT IN THIS ACTION DID NOT MOOT THE MARLINS' APPEAL OR THEIR UNDERLYING ACTION FOR A DECLARATION OF RIGHTS.

The ground has shifted considerably since the Marlins filed their original complaint for a declaration of rights.

While defendants' SLAPP motion was pending the Marlins filed a first amended complaint, which pleads an additional controversy between the Marlins and defendants: whether defendants should be prohibited from removing their property from the rental market and evicting their tenants

---

[4] Code of Civil Procedure section 425.16. All future statutory references are to the Code of Civil Procedure unless otherwise noted.

[5] Section 425.16, subdivision (b)(1).

[6] *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625].

under the Ellis Act until they have complied with the relocation and notice provisions contained in the tentative tract map approved for the Lincoln Place redevelopment project. The trial court properly did not consider the Marlins' amended complaint in ruling on defendants' SLAPP motion, and its allegations are not before us on this appeal.

While this appeal from the dismissal of the Marlins' action was pending, defendants instituted an unlawful detainer action against the Marlins. Defendants contend their unlawful detainer action moots the Marlins' declaratory rights action and this appeal because "the Marlins can attempt to raise their concerns about demolition permit conditions as issues in the [unlawful detainer] proceedings . . . ."[7]

■ Defendants' instigating unlawful detainer proceedings against the Marlins did not moot the controversy between the parties over the applicability of the Ellis Act, the conditions on the tentative tract map and the city rent control ordinances. Mootness occurs when a case has " 'lost that essential character' " of an existing controversy.[8] A controversy remains between the parties as to their respective rights. Indeed defendants concede this in their statement claiming the Marlins can raise their concerns in the unlawful detainer action. The question is not whether the controversy is moot but where the controversy should be adjudicated: in the Marlins' declaratory rights action or in defendants' unlawful detainer action. The parties have not briefed this issue and we express no view on it.

■ Furthermore, we have broad discretion to render an opinion in a case which poses issues of broad public interest and which are likely to recur even if an event occurring during the pendency of the appeal might otherwise render the underlying controversy moot.[9] Leaving aside the merits of the parties' underlying disputes, this appeal raises important issues concerning the interpretation and application of the SLAPP statute which we discuss in

---

[7] Government Code section 7060.6 states: "If an owner seeks to displace a tenant or lessee from accommodations withdrawn from rent or lease pursuant to this chapter by an unlawful detainer proceeding, the tenant or lessee . . . may assert by way of defense that the owner has not complied with the applicable provisions of this chapter, or statutes, ordinances, or regulations of public entities adopted to implement this chapter, as authorized by this chapter."

[8] 3 Witkin, California Procedure (4th ed. 1996) Actions, section 82, page 145, quoting *Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453 [246 P.2d 688].

[9] *Edelstein v. City and County of San Francisco* (2002) 29 Cal.4th 164, 172 [126 Cal.Rptr.2d 727, 56 P.3d 1029].

parts II. and III., below. The California Attorney General considers these issues important enough for him to file an amicus curiae brief on behalf of the Marlins.[10] In addition, these issues are likely to recur in other proceedings involving disputes between landlords and tenants or public entities such as rent control boards.

## II. DEFENDANTS FAILED TO SHOW THE MARLINS' LAWSUIT AROSE FROM ANY ACT OF DEFENDANTS IN FURTHERANCE OF THEIR RIGHT OF PETITION OR FREE SPEECH.

■ In order for a complaint to be subject to a motion to strike under section 425.16 the defendant must make a threshold showing the complaint entails "[a] *cause of action* against a person *arising from* any act of that person in furtherance of the person's right of petition or free speech."[11] If the complaint does not meet this criterion it is not subject to a motion to strike and the court never reaches the issue of whether the plaintiff can show a probability of success on the merits.[12]

■ Even if we assume filing and serving the Ellis Act notice and the notice to vacate constituted protected petitioning or free speech activity "the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute."[13] Rather, the critical question in a SLAPP motion "is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity."[14]

Defendants have fallen victim to the logical fallacy post hoc ergo propter hoc—because the notices preceded plaintiffs' complaint the notices must have caused plaintiffs' complaint. The filing and service of the notices may have triggered plaintiffs' complaint[15] and the notices may be evidence in support of plaintiffs' complaint,[16] but they were not the cause of plaintiffs' complaint. Clearly, the cause of plaintiffs' complaint was defendants' allegedly wrongful reliance on the Ellis Act as their authority for terminating plaintiffs' tenancy.

---

[10] The Attorney General takes no position on the merits of the parties' underlying dispute.

[11] Section 425.16, subdivision (b)(1), italics added.

[12] *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76 [124 Cal.Rptr.2d 519, 52 P.3d 695].

[13] *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 [124 Cal.Rptr.2d 530, 52 P.3d 703].

[14] *Navellier v. Sletten, supra,* 29 Cal.4th at page 89.

[15] Cf. *City of Cotati v. Cashman, supra,* 29 Cal.4th at page 78.

[16] Cf. *Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1399 [126 Cal.Rptr.2d 560].

Terminating a tenancy or removing a property from the rental market are not activities taken in furtherance of the constitutional rights of petition or free speech.

The opinion in *Santa Monica Rent Control Bd. v. Pearl Street, LLC*[17] (*Pearl Street*) illustrates the difference between filing a notice with a public agency and petitioning the agency. In that case the city's rent control board believed certain forms a landlord filed with the board were part of a scheme to evade the city's rent control law and roughly triple the rent for two of the landlord's apartments. The board filed an action against the landlord for declaratory and injunctive relief seeking a judicial determination of the maximum allowable rent for the two apartments. The landlord filed a SLAPP motion contending the board was attempting to punish it for seeking redress of government through means of the rent control process established by the ordinance for increasing the rental rate of an apartment.[18] The trial court granted the motion and dismissed the action but the Court of Appeal reversed.

In reversing the judgment dismissing the board's suit as a SLAPP the Court of Appeal was willing to assume the landlord's filing of the forms necessary to obtain a rent increase was "undertaken by defendants in furtherance of their right of petition or free speech, as that phrase is used in section 425.16" and "this suit may have been 'triggered by' defendants' submission of such documents to the Board."[19] But "it is *not* true," the court held, "that this suit is *based on* the filing of such papers. . . . *This suit is based on the Board's claim that defendants are charging an illegal rent for units A and C.*"[20] "[D]efendants were not sued for their conduct in exercising [their] constitutional rights," the court explained. "They were sued by the Board to compel their compliance with the provisions of the rent control law."[21]

Similarly, in the present case defendants contend "[t]his lawsuit 'arises from' [their] petitioning activity" because they "utilized administrative channels by filing and serving the Ellis Notice and otherwise satisfying statutory and municipal prerequisites to withdraw rental units . . . including the Marlins' apartment from the market." But, as in *Pearl Street*, the Marlins'

[17] *Santa Monica Rent Control Bd. v. Pearl Street, LLC* (2003) 109 Cal.App.4th 1308 [135 Cal.Rptr.2d 903].
[18] *Pearl Street, supra,* 109 Cal.App.4th at page 1315.
[19] *Pearl Street, supra,* 109 Cal.App.4th at page 1318.
[20] *Pearl Street, supra,* 109 Cal.App.4th at page 1318.
[21] *Pearl Street, supra,* 109 Cal.App.4th at page 1318.

suit is not based on defendants' filing and serving of a notice required under the Ellis Act, it is based on the Marlins' contention "defendants are not entitled to invoke or rely upon the Ellis Act to evict plaintiffs from their home."

Based on this same reasoning we reject defendants' argument the Marlins' complaint is a SLAPP because it is somehow—defendants do not explain exactly how—"intertwined" with other litigation involving defendants' right to evict the Lincoln Place tenants and remove the property from the rental market.

## III. *A SLAPP MOTION MUST BE BASED ON A CAUSE OF ACTION, NOT A PRAYER FOR RELIEF.*

Defendants maintain the Marlins' prayer for injunctive relief to prevent "defendants from evicting plaintiffs from their residence" is aimed directly at defendants' right to petition the government for redress through a "judicial proceeding" which is specifically designated an " 'act in furtherance of a person's right of petition or free speech' " in section 425.16, subdivision (e)(1). Here, the judicial proceeding would be an unlawful detainer action to remove the Marlins from their apartment. This argument lacks merit.

A SLAPP motion lies to strike "[a] cause of action" arising from a person's act in furtherance of the person's right of petition or free speech.[22] "[A] 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty."[23] A "cause of action" must be distinguished from the remedy sought: " 'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.' "[24] An injunction is a remedy, not a cause of action.[25] Accordingly, the SLAPP statute does not apply where it is the prayer for an injunction which arises from an act in furtherance of a person's right of petition or free speech.

---

[22] Section 425.16, subdivision (b)(1).

[23] *Crowley v. Katleman* (1994) 8 Cal.4th 666, 681 [34 Cal.Rptr.2d 386, 881 P.2d 1083].

[24] *Crowley v. Katleman, supra,* 8 Cal.4th at page 682, quoting *Wulfjen v. Dolton* (1944) 24 Cal.2d 891, 895–896 [151 P.2d 846].

[25] *Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 618 [129 Cal.Rptr.2d 546].

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court for further proceedings consistent with this opinion. Appellants are awarded their costs on appeal.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied August 22, 2007, and respondents' petition for review by the Supreme Court was denied October 31, 2007, S156376.