Filed 9/12/13  Kandel v. Kandel CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| DAWN L. KANDEL,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SCOTT C. KANDEL,<br><br>  Defendant and Appellant. | 2d Civil No. B242499<br>(Super. Ct. No. SD037475)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND<br>DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on August 20, 2013, be modified as follows:

1.  On page 1, the second sentence in the second full paragraph, is deleted and the following sentence is inserted in its place:

    "They had two daughters, born in 1998 and 2003."

2.  On page 3, in the first sentence of the third full paragraph, the word "temporarily" is deleted, and insert the word "section" between "Code" and "6345," so the sentence reads:

    "Similarly, the procedure for renewing a restraining order under Family Code section 6345 is not akin to adjudication of a disputed claim."

There is no change in judgment.

Respondent's petition for rehearing is denied.

Filed 8/20/13 (unmodified version)
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAWN L. KANDEL,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SCOTT C. KANDEL,<br><br>  Defendant and Appellant. | 2d Civil No. B242499<br>(Super. Ct. No. SD037475)<br>(Ventura County) |

Scott C. Kandel appeals from an order denying his motion to strike Dawn L. Kandel's request to renew a domestic violence restraining order under the anti-strategic lawsuit against public participation (SLAPP) statute. (Code Civ. Proc., § 425.16.) We conclude that Dawn's request to renew the restraining order was not a "cause of action" within the meaning of the anti-SLAPP statute and did not arise from Scott's protected activity. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Dawn and Scott Kandel were married for over 20 years. They had two daughters, born in 1999 and 2003.

Soon after their separation in 2008, the court entered an order on their stipulation concerning child custody, visitation, support and other matters (the stipulated order). In the stipulated order, Scott agreed to give Dawn sole legal and physical custody

of their children with supervised visitation, to submit to random drug testing, and to refrain from posting images of Dawn or their daughters on the Internet.

In 2009, the court granted Dawn a three-year restraining order against Scott based on threats of violence (the restraining order). The restraining order required Scott to stay away from Dawn and not to harass her. It did not address Scott's Internet behavior.

Shortly before the restraining order expired, Dawn filed a request to extend it for an additional five years pursuant to Family Code section 6345, subdivision (a). She declared that she "continue[d] to be apprehensive for [her] well being and safety and for the well being and safety of [their] children." She declared that Scott "remains disabled, unstable, continually violates the orders of this court and has failed until just recently to seek the therapy recommended by . . . the child custody evaluator . . . ." She declared that she was willing to work with Scott's psychologist "to develop a treatment plan to address the issues of [their] interaction and what would be required for [her] to feel that [she] no longer need[ed] a restraining order," and that she was "asking for an extension and not a permanent order because [she had] hope that this [was] a possibility."

In support of her request, Dawn submitted exhibits that she described as copies of Scott's Internet postings. Neither we nor the trial court could verify her descriptions because the documents were filed by facsimile and are illegible. She declared that the exhibits included a picture of Scott posing as Hitler above pictures of their daughters, a picture of a box of penises, pictures of rectums, descriptions of Scott's sexual activities, and a reference to Dawn "using the 'C___' word."

The trial court sustained Scott's objection to the Internet exhibits and set Dawn's request for hearing. Scott filed an anti-SLAPP motion to strike Dawn's request. (Code Civ. Proc, § 425.16.) The court denied Scott's motion, finding that Dawn's request was not a cause of action within the meaning of the anti-SLAPP statute and did not arise from Scott's protected activity.

## DISCUSSION

A court will strike a "cause of action" under the anti-SLAPP statute if it (1) arises from protected speech or petitioning and (2) lacks even minimal merit. (§ 425.16, subd. (b)(1); *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) We review de novo the trial court's ruling on the anti-SLAPP motion, including the question whether the statute applies to the challenged claim. (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 645.)

We agree with the trial court that Dawn's request to renew the restraining order for five years was not a "cause of action" subject to the anti-SLAPP statute. A "cause of action," for purposes of the anti-SLAPP statute, may include a "claim" or "petition," (§ 425.16, subd. (h)) but it must be comprised of a primary right of the plaintiff, a primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty. (*Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162.) For example, a petition to permanently enjoin civil harassment under Code of Civil Procedure section 527.6 is subject to an anti-SLAPP motion, whereas a request to temporarily restrain harassment under the same statute is not. (*Thomas v. Quintero, supra*, 126 Cal.App.4th at p. 652.) The procedure for obtaining a temporary restraining order under section 527.6 is not "akin to an adjudication of a disputed claim." (*Ibid.*) It requires no prior notice to the person sought to be restrained and may be granted upon affidavit demonstrating "reasonable proof of harassment." (*Ibid.*)

Similarly, the procedure for temporarily renewing a restraining order under Family Code 6345 is not akin to adjudication of a disputed claim. Restraining orders under section 6345 may be renewed "without a showing of any further abuse since the issuance of the original order." (Fam. Code, § 6345, subd. (a).)

Even if Dawn's request to renew had been a "cause of action" within the meaning of the anti-SLAPP motion, it did not arise from Scott's protected activity. Dawn's request to renew the restraining order was based on her continuing fear of Scott, his delay in seeking therapy, and his noncompliance with the stipulated order governing his Internet activity. He relinquished any protection for Internet postings of images of his

4

daughters in the stipulated order.  Moreover, Dawn did not ask to broaden the scope of the restraining order to include Scott's Internet activity.  Her counsel clarified that she sought only to restrain harassment under the terms of the original restraining order because the independent stipulated order already covered Scott's Internet conduct.

DISPOSITION

The order is affirmed.  The parties are to bear their own costs on appeal, if any.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.


5

William Q. Liebmann, Judge

Superior Court County of Ventura

_____

Scott Kandel, in propria persona for Defendant and Appellant.

No appearance for Plaintiff and Respondent.