Filed 11/6/14  Linares v. Bank of America CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| RODOLFO LINARES, | |
| Plaintiff and Appellant, | E057884 |
| v. | (Super.Ct.No. CIVVS1100899) |
| BANK OF AMERICA CORPORATION et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Marsha Slough and Michael A. Sachs, Judges.  Affirmed.

Rodolfo Linares, in pro. per., for Plaintiff and Appellant.

Reed Smith, David S. Reidy, Matthew J. Brady and John Cooper Green for Defendants and Respondents.

Plaintiff and appellant Rodolfo Linares filed a first amended complaint seeking an injunction precluding the defendants from using the threat of foreclosure on his residence in Victorville "to coerce him to execute a blind one sided [*sic*]" loan modification

1

agreement which, Linares contends, fails to comply with the guidelines of the federal Home Affordable Modification Program (HAMP), and precluding them from foreclosing on the property. He also sought declaratory relief stating the parties' respective rights and responsibilities under HAMP and the Keep Your Home California (KYHCA) loan modification program, and alleged promissory estoppel as a theory upon which the defendants could be compelled to comply with HAMP. He alleged that he had sustained monetary damages and damages resulting from emotional distress.

Defendants and respondents[1] collectively demurred. The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal.[2] Linares filed a timely notice of appeal.

### FACTUAL AND PROCEDURAL HISTORY

Because this appeal is from a judgment entered after the trial court sustained a demurrer without leave to amend, we independently review the properly pleaded factual allegations of the complaint to determine whether the complaint states a cause of action under any theory. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Schifando v. City of*

---

[1] The demurring defendants are Bank of America Corp.; Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP; ReconTrust Company, N.A. (erroneously referred to by Linares as "Reconstruct"); Mortgage Electronic Registration Systems, Inc.; The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWALT 2004-24CB; and Countrywide Home Loans, Inc. dba America's Wholesale Lenders. We will refer to them collectively as defendants and to individual defendants by name as necessary.

[2] The trial court had previously sustained a demurrer to Linares's original complaint but granted leave to amend as to the three causes of action which appear in the first amended complaint. The court sustained the demurrer without leave to amend a fourth cause of action, for violation of Civil Code section 2923.6.

2

*Los Angeles* (2003) 31 Cal.4th 1074, 1081.) If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. (*Schifando v. City of Los Angeles*, at p. 1081) The plaintiff has the burden of demonstrating that an amendment would cure the defect. (*Ibid.*)

The following is a summary of the facts alleged in the first amended complaint (hereafter referred to as the complaint). As noted, some factual allegations in the complaint are contradicted by exhibits attached to the complaint. Where such a conflict exists, we accept as true the unambiguous factual contents of the exhibits. (*SC Manufactured Homes*, *Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 83.)

Linares owned a home located at 16340 Molino Drive in Victorville. He had obtained a home loan secured by a deed of trust. BAC Home Loans Servicing LP, an entity related in some manner to Bank of America, was the loan servicer. In or about January 2009, Linares fell behind on his payments under the note. In June 2009, he applied for a loan modification through the "Making Home Affordable" program. Linares alleged that on May 28, 2010, an underwriter for Bank of America informed him that his application had been approved. However, by a letter dated May 28, 2010, attached to the first amended complaint as exhibit D, Bank of America informed Linares that his financial documents had been received and that they would be reviewed to determine his eligibility for a loan modification under HAMP. The letter did not, as Linares alleged, provide assurance that Bank of America would not start foreclosure proceedings. Also on May 28, 2010, defendant ReconTrust Company, the agent for the

3

beneficiary of the deed of trust, recorded a notice of default. The notice of default directed Linares to contact BAC Home Loans Servicing.

Linares continued negotiating with Bank of America. The bank repeatedly represented to him that it had approved a loan modification program for him. In reliance on those representations, Linares "provided financial loan modification proposals consistent with the guidelines" of HAMP and KYHCA.

Despite continuing negotiations, Bank of America failed to provide a loan modification that complied with HAMP. Linares alleged that because Bank of America is required to adhere to the guidelines of the HAMP program, the final loan modification offer made by the bank was submitted in bad faith.

Despite its failure to offer a complying loan modification, Bank of America continued to threaten Linares with foreclosure. Linares alleged that a resulting wrongful foreclosure would cause him irreparable harm and might result in a pecuniary award which would not afford adequate relief because his home is unique. Accordingly, Linares sought an injunction prohibiting foreclosure. He also sought a declaration as to the parties' respective rights in relation to the Uniform Commercial Code pertaining to negotiable instruments, the "Uniform Electronic Transactions Act for Residential Mortgage-Backed Securities, Pooling and servicing agreement (PSA)" and the use of

4

HAMP and KYHCA guidelines in a loan modification program affecting Linares's home.[3]

Finally, Linares alleged that he accepted the offer made by unspecified "defendants" (presumably Bank of America) to enter into a loan modification agreement and that he provided all documents required by defendants as part of the loan modification process. He also alleged that he made repeated counteroffers which were rejected, and that defendants instead made proposals that do not comply with HAMP guidelines. He alleged, under a variety of theories combined under the heading of "Promissory Estoppel," that defendants are either "contractually bound to accept the loan modification as provided above" or required to draft an agreement that complies with the requirements of a recent settlement between Bank of America and the federal Department of Justice.

## LEGAL ANALYSIS

### THE DEMURRER WAS PROPERLY SUSTAINED

*There Is No Private Cause of Action to Enforce HAMP.*

Linares begins his argument by asserting, "Whereas the Courts have traditionally ruled that [an appellant] has no standing to challenge violations of loan modification

---

[3] Although Linares asserts in his opening brief that the trial court erred in sustaining the demurrer with respect to his claim for declaratory relief, he does not provide any argument or analysis as to why the court erred. Accordingly, we need not address this contention: "'Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion.' [Citations.]" (*Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1163.)

5

guidelines, recent Court decisions and legislative enactments have changed this legal posture." In support of this contention, he cites *Corvello v. Wells Fargo Bank*, *N.A.* (9th Cir. 2013) 728 F.3d 878 (*Corvello*).

Neither *Corvello* nor *Wigod v. Wells Fargo Bank*, *N.A.* (*Wigod*) (7th Cir. 2012) 673 F.3d 547, which Linares also cites, holds that there is a private right of action for violation of HAMP guidelines or for failure to offer a HAMP loan modification. Both cases do, however, hold that a cause of action arising under state law may be based on a violation of HAMP guidelines.[4]

In *Corvello*, the court held that the plaintiffs in two consolidated cases could each state a cause of action for breach of contract. In both cases, Wells Fargo had offered the plaintiffs a trial period plan, which is one of the initial steps in a HAMP modification. Under HAMP, if the bank makes a preliminary determination that the customer may qualify for a loan modification, it must offer a trial period plan, or TPP. If the customer makes timely payments of the amount required under the TPP and submits documentation which establishes that the customer qualifies for modification under

---

[4] In *Wigod*, the court explained that courts have uniformly rejected claims that HAMP provides borrowers a private cause of action against lenders for failing to consider or to grant their applications for loan modification. (*Wigod*, *supra*, 673 F.3d at p. 559, fn. 4.) The court also explained that since the United States Supreme Court's decision in *Astra USA*, *Inc. v. Santa Clara County* (2011) ___ U.S. ___ [131 S.Ct. 1342, 179 L.Ed.2d 457], courts have also uniformly rejected the theory that a borrower is an intended third party beneficiary of their loan servicer's Servicer Participation Agreements (SPA) with the federal government. (*Wigod*, at p. 559, fn. 4.) Accordingly, there is no basis for Linares's contentions that the courts have held that a borrower has a private cause of action under HAMP or a cause of action as a third party beneficiary under an SPA.

HAMP, the bank must offer the customer a loan modification.  (*Corvello*, *supra*, 728

F.3d at pp. 880-881.)  The plaintiffs alleged[5] that they had fully complied with their

obligations under the TPP.  The court held that a TPP is a contract which contains a

promise that if the customer complies with his or her obligations under the TPP and

establishes that he or she qualifies under HAMP guidelines, the bank will offer a loan

modification which complies with HAMP guidelines.  Accordingly, the court held, each

complaint stated a cause of action for breach of contract under California law.  (*Corvello*,

at pp. 883-885.)  In addition, one of the complaints also validly stated a claim for

violation of California Civil Code section 1788.17, the state's fair debt collection act.

(*Corvello*, at p. 885.)

Wigod* is to the same effect.  In that case, after discussing case law rejecting the

claim that a borrower has a private cause of action under HAMP (see our fn. 4, *ante*), the

court held that the plaintiffs had validly stated a claim for breach of contract under

Illinois law.  (*Wigod*, *supra*, 673 F.3d at pp. 559 & fn. 4, 562-563.)

Accordingly, Linares is incorrect that the current "legal posture" is that an

independent private right of action for an alleged violation of HAMP exists.

Linares next asserts that "cases arising from state law are permissibly based on

violation of federal statute which do not provide a private right of action."  This is

---

[5]  Both cases were before the court following dismissal under rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that the defense that a complaint fails to state a claim upon which relief can be granted may be asserted by motion rather than asserted in a responsive pleading.  Accordingly, the Ninth Circuit relied on the allegations of the plaintiffs' complaints to determine whether either complaint stated a cause of action.  (*Corvello*, *supra*, 728 F.3d. at pp. 881, 885.)

correct, as we have discussed. However, Linares neither explains how his complaint currently does state a claim under any California statute or legal theory nor how it could be amended to state such a claim. He merely asserts that there is a private right of action under Civil Code section 2923.5 and under California's unfair competition law (Bus. & Prof. Code, §§ 17200, 17500).

Although we determine independently whether a complaint states a cause of action under any legal theory, our obligation under de novo review is limited to addressing issues which are adequately briefed. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.) An appellant bears the burden of demonstrating reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) To meet that burden, an appellant must provide adequate briefing, containing argument, analysis and citations to pertinent authority. "'Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion.' [Citations.]" (*Colony Hill v. Ghamaty*, *supra*, 143 Cal.App.4th at p. 1163.) Similarly, the appellant has the burden of demonstrating how a complaint could be amended to state a cause of action. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.) Because Linares does not explain how his complaint does state a cause of action under either Civil Code section 2923.5 or Business and Professions Code sections 17200 or 17500, or how it could be amended to do so, we decline to discuss those assertions further.

The same is true of Linares's next assertion, under a separate heading, that a borrower may be found to be a third party beneficiary of the SPA, "a contract signed by

8

each mortgage servicer formalizing their participation in the HAMP program." As noted above, there is no support for the third party beneficiary theory. (*Wigod*, *supra*, 673 F.3d at p. 559, fn. 4.) After making this assertion, which he does not amplify, Linares veers back to a discussion of *Wigod* and other cases holding that a HAMP violation may be the basis of a claim under a state law, again without explaining how his complaint does or could be amended to state such a claim. He then discusses the "2012 California Homeowner Bill of Rights" without relating it in any way either to the allegations of the current complaint or explaining how the complaint could be amended to state a cause of action under the Homeowner Bill of Rights. We decline to address issues Linares has not sufficiently briefed. (*Colony Hill v. Ghamaty*, *supra*, 143 Cal.App.4th at p. 1163.)

*The Complaint Does Not Allege Wrongful Foreclosure.*

Linares contends that the complaint alleges a cause of action for wrongful foreclosure. It does not, for the simple reason that it does not allege that a foreclosure sale has taken place. (See *Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062 [to maintain a wrongful foreclosure claim, "plaintiff must allege that . . . defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust"].)

*The Complaint Does Not Allege a Basis for an Injunction.*

Next, Linares contends that he pleaded sufficient facts to support the allegations for injunctive relief. He states that he alleged in his complaint that the defendants should be enjoined from foreclosing pending resolution of his loan modification application which "BofA admits has already been approved." He complains that Bank of America

9

"has been excessively dilatory in providing the final loan modification contractual documents." That is not, however, what the complaint alleges. The complaint alleges that "any future foreclosure would be wrongful" based solely on his claim that "the defendants" violated HAMP by failing to offer him a conforming loan modification. Moreover, the complaint does not allege that a wrongful trustee's sale is imminent and will take place unless restrained. The sole notice of trustee's sale appended to the complaint states that the sale will take place on September 28, 2010. That sale did not occur, and the parties were continuing to negotiate a modification at least as of May 1, 2012.

In any event, there is no "cause of action" for injunction. An injunction is a remedy, not a cause of action. (*Martin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162.) "'[A] "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.' [Citation.] A 'cause of action' must be distinguished from the remedy sought: '"The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."' [Citation.]" (*Ibid*.)

The primary right Linares asserts is his "right" to a loan modification under HAMP. As we have discussed above, HAMP does not provide a borrower with a private cause of action based on a "right" to a loan modification. (*Wigod*, *supra*, 673 F.3d at p. 559, fn. 4.) Even if a borrower did have the right to sue for failure to comply with

10

HAMP guidelines, moreover, Linares's complaint does not sufficiently allege such a failure. It alleges that the final offer of a loan modification, which was conveyed by an email from Bank of America's attorney, dated May 1, 2012, does not comply with HAMP guidelines, but it does not contain any factual allegations stating in what way the offer is deficient. As to the bank's prior offer, for example, Linares alleges that it was deficient because it failed to state unequivocally that if he successfully completed the TPP, he would be offered a permanent loan modification. The May 1, 2012 offer states that a final modification "*will*" be granted if Linares makes all three of the trial payments. Presumably, that promise cures the defect which was allegedly present in the prior offer, but Linares does not explain in what other respect the final offer fails to comply with HAMP regulations.

*The Complaint Does Not Allege a Cause of Action Based on Equitable Estoppel.*

Finally, Linares argues that the court erred in dismissing his claim for equitable estoppel. Equitable estoppel is not a cause of action. Equitable estoppel is both a theory under which reasonable reliance on a promise can be a substitute for consideration, thus creating a contract (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310), and a principle of evidence: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." (Evid. Code, § 623.)

11

The promissory estoppel "cause of action" is a hodgepodge of unrelated factual allegations and legal theories. Even if we interpret the complaint liberally, "with a view to substantial justice between the parties," as we are required to do (Civ. Code of Proc., § 452), we are hard pressed to find factual allegations which will support a cause of action for breach of contract, with or without reliance on promissory estoppel, or on any other theory related to the estoppel claim. As we have noted elsewhere, the burden of demonstrating that the complaint could be amended to allege a viable cause of action rests with the plaintiff. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.) In the absence of any argument to that effect, we decline to speculate as to whether Linares could state a cause of action for breach of contract.

### DISPOSITION

The judgment is affirmed. Defendants Bank of America Corporation et al. are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

12