Filed 6/9/14  McClean v. Fishman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DONNA McLEAN, | H039366 |
| Plaintiff, Cross-defendant and Appellant, | (Santa Clara County Super. Ct. No. 1-11-CV211316) |
| v. | |
| STUART FISHMAN, | |
| Defendant, Cross-complainant and Respondent. | |

Plaintiff Donna McLean sued her former employer, attorney Stuart Fishman, alleging causes of action arising out of her employment and termination.  After McLean was deposed in that action, Fishman filed a cross-complaint against her asserting causes of action for conversion, trespass to chattel, invasion of privacy, misappropriation of trade secrets, tortious interference with contract/relationship, and Labor Code violations.  McLean moved to strike Fishman's cross-complaint under the anti-SLAPP law, Code of Civil Procedure section 425.16,[1] claiming that each cause of action arose out of protected activity, namely her rights to petition and free speech.  The trial court granted the anti-SLAPP motion as to Fishman's fifth cause of action for tortious interference, and denied it as to the other claims.  McLean appeals, contending that Fishman's five remaining causes of action arise out of protected activity within the meaning of section 425.16.

We agree in part and reverse with directions.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

McLean worked for Fishman at his law office from February of 2009 until July of 2011, when he terminated her employment.  McLean sued Fishman for, among other things, wrongful termination.  McLean gave deposition testimony in that action in July of 2012.  Several months later, Fishman filed a cross-complaint against McLean.  The cross-complaint alleged that McLean had admitted in her deposition to accessing, taking, and/or altering Fishman's law office's physical property, intellectual property, trade secrets, client property, and confidential information.  The cross-complaint's first through fourth and sixth causes of action--for conversion, trespass to chattel, invasion of privacy, misappropriation of trade secrets, and Labor Code violations, respectively--relied on McLean's alleged admissions.  The fifth cause of action, for tortious interference with attorney-client contracts and relationships, alleged that McLean had communicated false information to Fishman's clients after she was fired, which induced them to terminate their relationships with Fishman.

McLean filed a special motion, pursuant to section 425.16, to strike the cross-complaint as a SLAPP.[2]  She argued that Fishman's first through fourth causes of action arose out of protected activity--her right to petition--because they were premised on statements she allegedly made in her deposition.  She further urged that Fishman's fifth cause of action arose out of her protected speech because it was based on statements she made to Fishman's clients in connection with her lawsuit.  As to the sixth cause of action, she maintained that it fell within the scope of the anti-SLAPP statute because it was predicated on both her protected deposition testimony and her protected communications with Fishman clients.

The trial court granted in part and denied in part McLean's anti-SLAPP motion.  The court denied the motion as to the first through fourth and sixth causes of action,

---

[2] "SLAPP" stands for " 'strategic lawsuits against public participation.' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85 (*Navellier*).)

reasoning that those claims did not arise out of protected activity, but rather out of the acts McLean allegedly admitted during her deposition. The court granted the motion as to the fifth cause of action, concluding it was based on protected activity--McLean's communications with Fishman's clients in connection with her lawsuit--and that Fishman failed to demonstrate a probability of prevailing on the claim. McLean timely appealed.

## II. DISCUSSION

### A. The Anti-SLAPP Statute

"A SLAPP is 'a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights.' " (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 572.) The anti-SLAPP statute was designed to deter such actions. (*Ibid.*) It provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

In evaluating an anti-SLAPP motion, the trial court must engage in a two-step process. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) It first determines "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." (*Navellier*, *supra*, 29 Cal.4th at p. 88.) Protected activity within the scope of the anti-SLAPP statute includes oral statements made in a judicial proceeding (§ 425.16, subd. (e)(1)), oral statements in connection with an issue under consideration by a judicial body (*id.*, subd. (e)(2)), and oral statements made in a place open to the public or a public forum in connection with an issue of public interest (*id.*, subd. (e)(3)). If the defendant makes the requisite showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1083.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute--i.e., that arises

3

from protected speech or petitioning *and* lacks even minimal merit--is a SLAPP, subject to being stricken under the statute." (*Navellier*, *supra*, at p. 89.)

B.     *Standard of Review*

We review the trial court's decision de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.) In so doing, we consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) We do not make credibility determinations or compare the weight of the evidence presented below. Instead, we accept the opposing party's evidence as true and evaluate the moving party's evidence only to determine if it has defeated the opposing party's evidence as a matter of law. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.) An anti-SLAPP motion should be granted "if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson v. Parker*, *Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

C.     *The Anti-SLAPP Motion Was Properly Denied as to the First Four Causes of Action*

In determining whether a cause of action falls within the scope of the anti-SLAPP statute, "the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Navellier*, *supra*, 29 Cal.4th at p. 89.) Put differently, the complained-of conduct "must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) Thus, a suit seeking to impose liability for statements made in a deposition falls within the scope of the anti-SLAPP statute because the complained-of conduct--providing deposition testimony--is a protected activity. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 713 [cause of action for public disclosure of private facts based on disclosure made during a deposition falls within the scope of the anti-SLAPP statute].)

However, that "protected activity arguably lurks in the background" does not mean the action is "one 'arising from' protected activity within the meaning of Code of Civil Procedure section 425.16, subdivision (b)(1)." (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 473.) Accordingly, "[a] claim does not arise from constitutionally protected activity *simply because it is triggered by such activity* or is filed after it occurs." (*World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.* (2009) 172 Cal.App.4th 1561, 1568, italics added.) Nor does a claim implicate the anti-SLAPP statute merely because constitutionally protected activity is "evidence in support of plaintiffs' complaint." (*Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 160 [Ellis Act claim arose from removal of property from the rental market, not from issuance of eviction notices--a protected activity--even though the notices "may be evidence in support of plaintiffs' complaint"].)

According to McLean, Fishman's first through fourth causes of action arise from her constitutionally protected petitioning activity because they rely on statements she made during her deposition "in connection with an issue under consideration . . . by a . . . judicial body." (§ 425.16, subd. (e)(2).) We agree that the act of giving deposition testimony is an exercise of a plaintiff's constitutional right to petition. But, as the authority discussed above indicates, Fishman's claims fall within the scope of the anti-SLAPP statute *only* if the wrongful conduct they allege on the part of McLean "constitutes protected speech or petitioning." (*Navellier*, *supra*, 29 Cal.4th at p. 92.)

Fishman's first four causes of action allege the following wrongful conduct by McLean: taking Fishman's personal property for her own use; altering or destroying Fishman's property; trespassing onto Fishman's personal property; invading Fishman's private and personal property; and exercising personal dominion over Fishman's intellectual property and trade secrets. The cross-complaint references McLean's deposition testimony only to identify it as the source of Fishman's knowledge of the alleged wrongdoing. The injury-producing acts Fishman alleges occurred *outside the*

5

*litigation* and cannot be said to have been carried out in furtherance of any claimed right of petition or free speech.  Accordingly, those four claims do not fall within the scope of the anti-SLAPP statute.

McLean notes that, " 'but for' . . . [her] deposition testimony, [Fishman] would not have been aware of the alleged underlying controversy."  But the fact that Fishman learned about McLean's alleged wrongdoing by way of her deposition testimony does not transform the deposition into injury-causing conduct.  It simply means the cross-complaint was " 'triggered' by protected activity," which is insufficient to satisfy the "arising from" requirement.  (*Navellier*, *supra*, 29 Cal.4th at p. 89.)  McLean's contention to the contrary "confuses [her] allegedly *wrongful acts*" (i.e., conversion, misappropriation of trade secrets, etc.) "with the *evidence* that [Fishman] will need to prove such misconduct" (i.e., her deposition testimony).  (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1399.)

For the foregoing reasons, we conclude that the first four causes of action in Fishman's cross-complaint are not based on, and consequently do not arise from, protected activity within the meaning of the anti-SLAPP statute.  Because McLean failed to meet her initial burden under section 425.16, subdivision (b), the burden never shifted to Fishman to demonstrate a probability that he would prevail on those claims.  Accordingly, we need not address that issue in this appeal.  (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 193.)

### D. *The Anti-SLAPP Motion Should Have Been Granted as to the Sixth Cause of Action*

Fishman's sixth cause of action alleges that the conduct underlying the first, second, third, fourth, and fifth causes of action--conversion, trespass, invasion of privacy, misuse of trade secrets, and interference with contracts--also violated various provisions of the Labor Code.  To the extent the sixth cause of action is based on the conduct alleged

6

in the first through fourth causes of action, it does not arise from protected activity for the reasons set forth above.

McLean urges that Fishman's sixth cause of action nevertheless falls within the scope of the anti-SLAPP statute because it is premised, in part, on McLean's alleged interference with Fishman's client relationships. The cross-complaint alleges that McLean interfered with Fishman's attorney-client contracts by communicating false information to his clients after she was fired, thereby inducing them to terminate their relationships with Fishman. In support of her anti-SLAPP motion, McLean submitted a declaration stating that her posttermination communications with Fishman's clients related to her claims against him. On the basis of that declaration, the trial court found that McLean had carried her burden to show that the relevant communications constituted protected activity under section 425.16, subdivision (e)(2). On appeal, Fishman concedes that the "sixth cause of action . . . is based in part on protected activity (i.e., [McLean's] communications with [Fishman's] clients in connection with her lawsuit against [him])." We agree. (See *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35 ["statements . . . in connection with civil litigation are covered by the anti-SLAPP statute"]; *Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 489 [where plaintiff's complaint arose from defendant's communications with third party about pending litigation, it arose from protected activity under § 425.16, subd. (e)(2)].)

Thus, the sixth cause of action is based on both protected activity and unprotected activity and is "subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct." (*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 103 (*Mann*).) In determining whether alleged protected conduct is "merely incidental," the volume of "allegations of protected versus nonprotected activity" is not determinative. (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1552 (*Haight Ashbury*).) So long as "the gravamen of a cause of action is based on nonincidental protected activity as well as nonprotected

7

activity," the first prong of the analysis is satisfied. (*Id*. at p. 1551, fn. 7.) Accordingly, in *Haight Ashbury*, the court concluded that the alleged protected activity was not merely incidental despite the fact that it was raised in only two of the claim's 16 allegations, and thus "constitute[d] a comparatively small proportion of the wrongdoing alleged." (*Id*. at p. 1552.) In reaching that conclusion, the court noted that the protected conduct alleged consisted of "acts for which [the plaintiff] assert[ed] liability and [sought] damages" and "provide[d] an independent basis for liability." (*Id*. at p. 1553; see also *M.F. Farming Co. v. Couch Distributing Co., Inc.* (2012) 207 Cal.App.4th 180, 197 [cause of action predicated on both protected and unprotected activity held to arise from protected activity, satisfying the first prong of the inquiry, where the protected activity alleged was not merely incidental].)

Here, the sixth cause of action asserts six Labor Code violations. Four of those claimed violations are based in part on McLean's alleged contractual interference (i.e., her protected activity of communicating with clients about her case), as well as on her alleged trespass, conversion, invasion of privacy, and misuse of trade secrets. The two remaining violations are not predicated on McLean's protected activity. Thus, as in *Haight Ashbury*, McLean's protected activity represents a "small proportion of the wrongdoing alleged" in the sixth cause of action. (*Haight Ashbury*, *supra*, 184 Cal.App.4th at p. 1552.) However, that claim asserts that the protected activity provides an independent basis for liability under the Labor Code. (*Id*. at p. 1553.) Therefore, we conclude the alleged protected activity is not merely incidental to the sixth cause of action, such that the first prong is satisfied and the burden shifts to Fishman to show a probability of prevailing on "*any part of* [*his*] *claim*." (*Mann*, *supra*, 120 Cal.App.4th at p. 106.)

In opposing McLean's anti-SLAPP motion in the trial court, Fishman did not argue that he was likely to prevail on any of his causes of action, including the sixth. We consider the argument waived and refuse to consider it for the first time on appeal.

8

(*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830 [" ' "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court." Thus, "we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived." ' "].)  Because the sixth cause of action arises from protected petitioning and Fishman has not established the claim has minimal merit it should have been stricken as a SLAPP.

## III.  DISPOSITION

The order granting in part and denying in part McLean's special motion to strike Fishman's cross-complaint under Code of Civil Procedure section 425.16 is reversed.  On remand, the superior court is directed to enter a new order granting the motion as to the fifth and sixth causes of action and denying the motion as to the first through fourth causes of action.  The parties shall bear their own costs on appeal.

_____
                                    Premo, J.

WE CONCUR:

_____
        Rushing, P.J.

_____
        Márquez, J.