Filed 6/21/21  Law Office of Aaron Williams v. Borges Law Office CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE LAW OFFICE OF AARON WILLIAMS, INC., | |
| Plaintiff and Respondent, | C089775 |
| v. | (Super. Ct. No. 191432) |
| BORGES LAW OFFICE, INC., et al., | |
| Defendants and Appellants. | |

The Law Office of Aaron Williams, Inc. (Williams Law) oversees the conflict indigent defense panel for the County of Shasta (the County) pursuant to a contract with the County.  Williams Law entered into a subcontract with Borges Law Office, Inc. (Borges Law) to provide attorney services under the contract between the County and Williams Law.  When Borges Law allegedly denied the existence of the subcontract and sought higher compensation from the County, Williams Law sued Borges Law and Michael Borges.

1

The trial court subsequently denied an anti-SLAPP special motion to strike brought by the Borges defendants under Code of Civil Procedure section 425.16[1] and the Borges defendants appeal that order, contending (1) the lawsuit arises from protected petitioning activities, and (2) Williams Law does not have a probability of prevailing.

We conclude that no protected free speech or petitioning activity formed the basis of the liability asserted in the Williams Law complaint. Because the Borges defendants did not meet their threshold burden under section 425.16, we need not consider whether Williams Law demonstrated a probability of prevailing on the merits. We will affirm the trial court's order denying the special motion to strike.

BACKGROUND

The appellant's opening brief cites extensively to material filed with the trial court after it decided the section 425.16 motion. We do not consider those materials. Our background is derived from the complaint and matters submitted in relation to the section 425.16 motion.

We also do not consider the brief filed by the County, as the County is not a party to this appeal and did not seek leave to file the brief. Nevertheless, we deny the Borges defendants' motion to impose sanctions against the County and/or its counsel because we perceive no prejudice or waste of judicial resources.

Beginning in about 2005, the County entered into contracts with Jeffrey L. Jens (Jens) for the provision of conflict indigent defense legal services and Jens subcontracted with Borges Law and others to provide such services. Years later, Williams Law entered into a conflict indigent defense services contract with the County, assuming the role previously occupied by Jens as of January 1, 2018.[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] All dates refer to 2018 unless otherwise indicated.

The contract between the County and Williams Law required Williams Law, through subcontract attorneys, to provide legal services to indigent criminal defendants in cases where the public defender was unavailable due to a conflict of interest. Such services were to be provided in each case in which the attorneys were appointed during the term of the contract, i.e., January 1, 2018 through December 31, 2022. Williams Law was responsible for paying any compensation due to appointed subcontract attorneys.

On January 2, Williams Law entered into a subcontract with Borges Law for the provision of conflict indigent defense services in the County. The Williams Law-Borges Law subcontract contained substantially similar terms to the Jens-Borges Law subcontract. Of significance here, the Williams Law-Borges Law subcontract set the Borges Law compensation in murder cases. It also required Borges Law to obtain prior approval from Williams Law for ancillary services, such as investigation services, and to request reimbursement for such expenses from the County. The Williams Law-Borges Law subcontract contained an integration clause and provided that no changes to the subcontract would be effective unless set forth in a writing signed by both parties.

Certain murder cases, including *People v. Venegas* (Shasta County Superior Court case No. 17CRF2383) (*Venegas*), had already been assigned to Borges Law, and trials on those cases were not set to begin until after the effective date of the Williams-Borges subcontract.

On January 30, the County signed an amendment to the County-Williams Law contract obligating Williams Law to provide conflict indigent defense legal services for all cases outstanding as of January 1, 2018, which were appointed to Williams Law or its subcontractors, in exchange for the payment of $145,668.29 by the County to Williams Law. The amendment also provided that Williams Law would indemnify the County against any claims of payment by attorneys not under contract with Williams Law.

3

Three days later, Aaron Williams sent Michael Borges[3] an e-mail stating that he would pay the "trial fees" for any murder trial coming up in a case that was appointed prior to January 1 and Borges Law should submit investigation requests on cases appointed prior to January 1 to Aaron for authorization. Aaron received no objection to his e-mail. Instead, Michael sent to Williams Law invoices and requests for investigation and expert expenses for two cases assigned to Michael prior to January 1. Williams Law authorized the investigation requests and paid the invoices based on the belief that the cases assigned to Michael or Borges Law before January 1 were within the scope of the Williams Law-Borges Law subcontract.

According to the Borges defendants, Michael filed an ex-parte petition for court-ordered compensation in *Venegas* pursuant to Penal Code section 987.2 because there was no subcontract governing the attorney services they provided in homicide cases assigned before January 1. On March 13, the trial court granted Michael's ex parte petition and ordered the County to pay Michael at a rate of $175 an hour for attorney services performed in *Venegas* on or after January 1. Michael submitted an invoice to the County and the County informed Aaron about the invoice. On April 12, Michael demanded an additional $30,000 from Aaron for *Venegas* trial preparation. Aaron believed Jens had already paid Michael's trial preparation costs in *Venegas*.

On May 18, Aaron filed motions in *Venegas* challenging the March 13 order on the ground that Michael was under contract to provide indigent defense services in the County. The trial court struck Aaron's motions, finding that Aaron was not a party or person of interest in *Venegas*. It ordered Williams Law to stop filing documents in *Venegas* without first petitioning the trial court for relief from the order prohibiting further filings.

---

[3] We will refer to certain individuals by their first names for clarity.

On June 1, the County filed a motion in *Venegas* challenging the March 13 order on the ground that no notice of Michael's ex parte petition had been provided to the County. The trial court denied the motion.

The record before the trial court on the section 425.16 motion indicated that the Borges defendants submitted invoices totaling $122,480.77 to the County in *Venegas* and the County paid those invoices. The County's payments to Borges Law exceeded the compensation Borges Law would have been entitled to under its subcontract. As of March 2019, Williams Law had reimbursed the County a total of $73,867.50 for Michael's invoices. And Williams Law anticipated that Borges Law would continue to demand payment from the County for *Venegas* and other cases assigned before January 1 and that Williams Law would be required to reimburse the County for payments made to Borges Law because of the indemnification provision in the County-Williams Law contract.

Williams Law sued Borges Law, Michael, Jens, and the County. Its complaint alleged breach of contract and breach of the covenant of good faith and fair dealing against Borges Law; intentional interference with contractual relations, money had and received, quasi-contract and temporary and permanent injunction against the Borges defendants; breach of contract against the County; and declaratory relief against all defendants.

The Borges defendants moved to strike the complaint pursuant to section 425.16. They argued that Williams Law's claims were based on Michael's ex parte petition in *Venegas* and further acts pursuant to the trial court's order granting the petition. They further argued that Williams Law could not establish a probability of prevailing on its causes of action. The trial court denied the motion, ruling that the Borges defendants did not show that the complaint arose from protected activity. It said that although Michael's ex parte petition facilitated the alleged repudiation and breach of the subcontract, the complaint was not based on the ex parte petition or Michael's requests for payment.

DISCUSSION

Section 425.16 sets out a procedure for striking what are commonly called strategic lawsuits against public participation or SLAPPs (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 786, fn. 1, 788 (*Monster Energy Co.*)), which are "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); see also *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278.) Section 425.16, subdivision (b)(1) provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

A motion brought under section 425.16 is called an anti-SLAPP motion. Consideration of such a motion involves a two-step process. Only a cause of action that satisfies both steps is subject to being stricken under the statute. (*Monster Energy Co., supra*, 7 Cal.5th at p. 788; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).)

At the first step of the anti-SLAPP analysis, the moving defendant must make a prima facie showing that the plaintiff's cause of action arises from an act by the defendant taken in furtherance of the defendant's " 'right of petition or free speech under the United States or the California Constitution in connection with a public issue,' " as defined in section 425.16. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420 (*City of Montebello*).) Cause of action refers to a claim, not to counts in a pleading or how the primary right theory might define a cause of action. (*Baral, supra,* 1 Cal.5th at pp. 382, 391, 396.) A defendant meets his or her threshold burden by demonstrating that the act by the defendant underlying the plaintiff's claim fits one of the categories described in section 425.16, subdivision (e). (*Navellier, supra,* 29 Cal.4th at p. 88;

6

*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 66 (*Equilon Enterprises*).)  Those categories include any statement or writing made in connection with an issue under consideration by a judicial body.  (§ 425.16, subd. (e)(2).)

The California Supreme Court explained the first-step analysis as determining the elements of the cause of action and what activities by the defendant supply those elements and consequently form the basis for the alleged liability.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.)  The defendant's activity, which forms the basis of the claim, must itself have been an act in furtherance of the right of petition or free speech.  (*Ibid.*; *Navellier, supra*, 29 Cal.4th at p. 89.)  "[T]he mere fact that an action was filed after protected activity took place does not mean [the action] arose from that activity" for the purposes of the anti-SLAPP statute.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76-77 (*City of Cotati*).)  Assertions that are "merely incidental" or "collateral," "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery," and activities that merely provide evidentiary support for a claim are also not subject to an anti-SLAPP motion.  (*Baral, supra*, 1 Cal.5th at p. 394; see *Park,* at pp. 1060, 1064-1068.)  Additionally, that the plaintiff filed its lawsuit in response to the defendant's free speech or petitioning activity does not mean the plaintiff's lawsuit arose from that protected activity.  (*City of Cotati,* at pp. 76-77.)

We proceed to step two of the analysis if the defendant makes the initial showing of protected activity.  (*Monster Energy Co., supra*, 7 Cal.5th at p. 788.)  In step two, the plaintiff must substantiate a legally sufficient claim with competent and admissible evidence.  (*City of Montebello, supra,* 1 Cal.5th at p. 420; *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1289.)  "[C]laims with the requisite minimal merit may proceed." (*Navellier, supra*, 29 Cal.4th at p. 94.)

In deciding an anti-SLAPP motion, we consider the pleadings and affidavits stating the facts upon which the liability or defense is based.  (*City of Cotati, supra,*

7

29 Cal.4th at p. 79; *Navellier, supra*, 29 Cal.4th at p. 89; *Equilon Enterprises, supra,* 29 Cal.4th at p. 67.) We do not weigh credibility or the evidence or resolve conflicting factual claims. (*Baral, supra,* 1 Cal.5th at p. 384; *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) An order granting or denying a section 425.16 motion is an appealable order and is subject to de novo review. (§ 425.16, subd. (i); *Monster Energy Co., supra*, 7 Cal.5th at p. 788.)

Having applied the above principles, we conclude that no protected free speech or petitioning activity, as defined in section 425.16, subdivision (e), formed the basis of any alleged liability by the Borges defendants.

The first cause of action is for breach of contract against Borges Law. The complaint alleged that Williams Law entered into a subcontract with Borges Law and that the subcontract set forth how Borges Law would be compensated. For example, in homicide cases, Borges Law would be paid $10,000 from appointment through the preliminary hearing; $10,000 from the filing of an information until the start of trial; $2,500 upon the swearing in of the jurors; $17,500 upon the discharge of the jury; and additional payments for other ancillary services and circumstances. The complaint also alleged an understanding between the parties that the scope of the subcontract included cases assigned to Borges Law before January 1. We need not determine whether that allegation is true in the first step of our anti-SLAPP analysis. (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 493; *Freeman v. Schack* (2007) 154 Cal.App.4th 719, 733.)

The complaint further alleged Borges Law breached the subcontract by denying its scope and refusing to abide by its terms. A contract may be breached by nonperformance, repudiation, or a combination of the two. (*Central Valley General Hospital v. Smith* (2008) 162 Cal.App.4th 501, 514.)

Even if Michael's ex parte petition constituted protected activity, his petition did not form the basis for the alleged breach of contract liability asserted against Borges Law. The complaint did not allege that Michael's ex parte petition breached the subcontract.

8

Instead, it alleged Borges Law repudiated the subcontract and failed to perform. (See *Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 781 [if the plaintiff can establish a claim without relying on protected activity, the claim does not arise from protected activity].) The breach allegedly committed by Borges Law was not undertaken in furtherance of any right of free speech or petition held by Borges Law. (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1304, 1307-1308 (*City of Alhambra*); *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 185-186, 189-191; see *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 589, 596-599; *Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 695-696, 700-701, 704; *Moriarty v. Laramar Management Corp.* (2014) 224 Cal.App.4th 125, 139 (*Moriarty*); see also *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 217-219.) "It would be inappropriate for us to insert into a pleading claims for relief based on allegations of activities that plaintiffs simply have not identified, even if the parties suggest on appeal how plaintiffs might have intended to frame those claims." (*Medical Marijuana, Inc. v. ProjectCBD.com* (2016) 6 Cal.App.5th 602, 621.) The cases cited by the Borges defendants are inapposite. (*Wong v. Wong* (2019) 43 Cal.App.5th 358, 367 [rejecting a broad reading of *Navellier, supra*, 29 Cal.4th 82].)

The second cause of action asserts breach of the covenant of good faith and fair dealing against Borges Law. It is based on the same acts alleged in the breach of contract cause of action. For the reasons we explained in the prior section, the second cause of action does not arise from activities protected under section 425.16.

The third cause of action seeks declaratory relief against all defendants. Williams Law sought a determination of the following: that it had a subcontract with Borges Law governing cases assigned before January 1; the contractual rights and responsibilities regarding such cases; and that it was not obligated to reimburse the County for sums the County paid to Borges Law. The declaratory relief cause of action is not based on

9

Michael's ex parte petition or any free speech or petitioning activity by Borges Law. The trial court did not err in concluding that the Borges defendants failed to meet their threshold showing under section 425.16 with regard to the declaratory relief cause of action.

The fifth cause of action asserts intentional interference with contractual relations against the Borges defendants. As with the contract claims, this cause of action is based on an alleged failure to honor the terms of the subcontract and not on Michael's ex parte petition.

The sixth cause of action is against the Borges defendants for money had and received. Money had and received is a common count that is available in a variety of situations where a person has received money belonging to another. (*Avidor v. Sutter's Place, Inc.* (2013) 212 Cal.App.4th 1439, 1454; *Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 937; *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623; 4 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 561.) Williams Law alleged that the Borges defendants became indebted to Williams Law in the sum of $34,142.50 when Williams Law paid the County for sums the County had paid the Borges defendants. Michael's ex parte petition did not directly give rise to the cause of action.

The seventh cause of action asserts quasi-contract against the Borges defendants. Quasi-contracts or implied in law contracts are not actual agreements between the parties; rather, they are " ' "obligations created by law for reasons of justice." ' " (*McGough v. University of San Francisco* (1989) 214 Cal.App.3d 1577, 1584; see also 1 Williston on Contracts (4th ed.) § 1:6.) The quasi-contractual theory of recovery is based on the doctrine of unjust enrichment. (*Branche v. Hetzel* (1966) 241 Cal.App.2d 801, 807.) Williams Law's quasi-contract cause of action is based on the same conduct as the breach of contract cause of action. Accordingly, we conclude there is no error in the trial court's finding that the Borges defendants failed to meet their threshold showing under section 425.16 with regard to the seventh cause of action.

10

Williams Law purports to assert an eighth cause of action seeking a preliminary and permanent injunction against the Borges defendants. But injunctive relief is a remedy, not a cause of action. (*Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162; *Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 618.) A cause of action must exist before a court may grant a request for injunctive relief. (*City of South Pasadena v. Department of Transportation* (1994) 29 Cal.App.4th 1280, 1293.) In any event, because the purported cause of action is based on the allegations in the prior counts, it is not based on activity protected under section 425.16.

The trial court properly denied the anti-SLAPP motion because the Borges defendants failed to meet their threshold burden of showing that Williams Law's claims fall within the purview of the anti-SLAPP statute. Under the circumstances, we need not consider whether Williams Law can demonstrate a probability of prevailing on the merits. (*Moriarty, supra,* 224 Cal.App.4th at p. 140; *City of Alhambra, supra,* 193 Cal.App.4th at p. 1309.)

## DISPOSITION

The order denying the special motion to strike is affirmed. Williams Law is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

         /S/ 
         MAURO, J.

We concur:

/S/ 
RAYE, P. J.

/S/ 
BLEASE, J.

11